IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
4:17-CR-45-BR

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) **ORDER OF DETENTION PENDING** |
| | ) **TRIAL** |
| KINSTON CONGLES PITTMAN, JR., | ) |
| | ) |
| Defendant. | ) |

This case came before the court today for hearing on the government's motion, pursuant to 18 U.S.C. § 3142(f), to detain defendant pending trial. At the hearing, defendant presented no evidence. The government presented the testimony of a narcotics investigator with the Rocky Mount Police Department. For the reasons stated below, the government's motion is GRANTED.

**Background**

Defendant was charged in a seven-count indictment on 12 September 2017 with: distribution and possession with the intent to distribute cocaine on five occasions between on or about 15 January 2016 and on or about 3 March 2016 in violation of 21 U.S.C. § 841(a)(1) (cts. 1-5); possession with the intent to distribute cocaine on or about 10 August 2016 in violation of 21 U.S.C. § 841(a)(1) (ct. 6); and possession of a firearm by a felon on or about 10 August 2016 in violation of 18 U.S.C. §§ 922(g)(1) and 924 (ct. 7).

The evidence presented at the hearing showed that the charges arise from five audio- and video-recorded controlled purchases of cocaine from defendant, which underlie counts 1 to 5. Count six arises from the search of defendant during a traffic stop of defendant on his return to North Carolina from New York City, where he apparently obtained cocaine for distribution. He

was found in possession of about 99 grams of it. Defendant attempted unsuccessfully to flee on foot from the officers effecting the traffic stop.

Count 7 arises from the search of a car at a home of a deceased relative of defendant's. The car contained two firearms, one of which was found both to have travelled in interstate travel and have DNA on it that had a very high probability of being defendant's. Defendant has a prior felony conviction.

At the time of his arrest on the instant charges, defendant was found to have six bags of crack cocaine hidden in one of his socks. During transportation to the Raleigh federal courthouse for proceedings in this case, defendant told the testifying investigator, who was transporting him, to the effect that had he seen any of the investigator's colleagues when he was arrested on the instant charges he would likely have assaulted them.

## Discussion

Given the nature of the charges, the rebuttable presumption of detention in 18 U.S.C. § 3142(e)(3) applies. The court finds that defendant, having presented no evidence, failed to rebut the presumption of detention. In accordance with this presumption, the court finds that there is no condition or combination of conditions that will reasonably assure the appearance of defendant as required and the safety of the community before trial.

Alternatively, the court finds that the evidence presented by the government and the information in the pretrial services report shows by clear and convincing evidence that there is no condition or combination of conditions that would reasonably assure the safety of any other person or the community and by a preponderance of the evidence that there is no condition or combination of conditions that would reasonably assure the appearance of defendant as required if he were released. This alternative finding is based on, among other facts, the strength of the

government's case against defendant; the drug-and gun-related nature of the offenses charged; the circumstances of the alleged offenses, including the interstate nature of defendant's drug trafficking activity, the multiplicity of transactions, the relative recency of the transactions, the potentially lengthy term of imprisonment defendant faces if convicted, defendant's attempt to flee from the traffic stop, the recovery of drugs from defendant's person at the time of his arrest on the instant charges, and his statement to the testifying investigator about assaulting his colleagues; defendant's significant criminal record, including 6 felonies and 11 misdemeanors; the danger of continued drug- and gun-related offense conduct by defendant if he were released; and the other reasons stated in open court.

For purposes of this alternative finding, the court has considered the evidence offered as mitigating, including his life-long residency in the Rocky Mount area, but finds that the evidence weighing in favor of detention strongly outweighs it.

## Conclusion

IT IS THEREFORE ORDERED that defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. Defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility shall deliver defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

3

This 22nd day of September 2017.

_____
James E. Gates
United States Magistrate Judge

P:\Criminal\Detention Orders\2017\Pittman Detention Order (presumption; no evidence for def.) 9-22-17.docx