UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
No: 4:17-CR-45-BR
No. 4:18-CV-154-BR

| | | |
|---|---|---|
| KINSTON CONGLES PITTMAN, JR., | ) | |
| | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| UNITED STATES OF AMERICA | ) | |

This matter is before the court on the government's motion to dismiss, in part, petitioner's 28 U.S.C. § 2255 motion. (DE # 52.) Petitioner has filed a response in opposition to the government's motion. (DE # 55.)

In 2018, pursuant to a plea agreement, petitioner pled guilty to five counts of distribution of cocaine and one count of possession with intent to distribute cocaine. The court sentenced petitioner to a total term of 54 months imprisonment, with the terms of imprisonment on some counts running consecutively to one another. Petitioner did not appeal. Petitioner timely filed his § 2255 motion on 4 September 2018. (DE # 48.) In response, the government filed the instant motion to dismiss.

Pursuant to Federal Rule of Civil Procedure 12(b)(6) and as to petitioner's claims two through five, the government contends that petitioner has failed to state a claim entitling him to relief.

> It is well established that a motion filed under Rule 12(b)(6) challenges the legal sufficiency of a complaint, and that the legal sufficiency is determined by assessing whether the complaint contains sufficient facts, when accepted as true, to "state a claim to relief that is plausible on its face." This plausibility standard requires only that the complaint's factual allegations "be enough to raise a right to relief above the speculative level."

Houck v. Substitute Tr. Servs., Inc., 791 F.3d 473, 484 (4th Cir. 2015) (citations omitted). This

standard applies equally to a Rule 12(b)(6) motion challenging a § 2255 motion. See Rule 12, Rules Governing Section 2255 Proceedings (applying the Federal Rules of Civil Procedure to § 2255 proceedings to the extent such rules are not inconsistent with any statute or the § 2255 rules).

Petitioner asserts fives claims for relief based on the alleged ineffective assistance of counsel. Specifically, he contends counsel failed to: (1) file a notice of appeal as instructed, (Mem., DE # 48-1, at 6); (2) adequately challenge at sentencing uncharged conduct, (id. at 7-8); (3) fully disclose the presentence report ("PSR") to petitioner, (id. at 8-9); (4) challenge the appellate and collateral rights waiver provision in petitioner's plea agreement, (id. at 10-12); and, (5) argue that the sentence imposed is greater than necessary to accomplish the goals of 18 U.S.C. § 3553(a), (id. at 12-13).

> To establish a claim of ineffective assistance of counsel, a defendant must show (1) that "counsel's performance was deficient," and (2) that "the deficient performance prejudiced the defense." To satisfy the deficiency prong, the defendant must show that counsel's performance "fell below an objective standard of reasonableness." "Judicial scrutiny of counsel's performance must be highly deferential." There is a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance," and "that, under the circumstances, the challenged action might be considered sound trial strategy."
> Under the prejudice prong, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."

United States v. Rangel, 781 F.3d 736, 742 (4th Cir. 2015) (citations omitted).

Petitioner first claims counsel failed to abide by petitioner's request to file a notice of appeal. Petitioner supports this claim with his declaration sworn under penalty of perjury. (See DE # 48-2, at 7 ("Directly after the May 02, 2018, sentencing hearing . . . I requested that [counsel] to file a timely notice of appeal on My behalf[.]").) The government has not moved

2

to dismiss this claim and rightly so, see United States v. Poindexter, 492 F.3d 263, 268 (4th Cir. 2007) ("[A]n attorney who disregards a defendant's specific instruction to file a timely notice of appeal acts in a professionally unreasonable manner. . . . [W]here the defendant unequivocally instructs an attorney to file a timely notice of appeal, prejudice is presumed . . . ." (citations omitted)). In fact, the government requests that the court set an evidentiary hearing on this claim, (Mem., DE # 53, at 6), which the court will do.

With his second claim, petitioner contends that counsel rendered ineffective assistance by failing to challenge uncharged conduct adequately at sentencing. He claims that because he was not charged with an offense involving 1.4 grams of cocaine base, the court could not find him responsible for that amount, and counsel should have argued against the court's reliance on that conduct in fashioning petitioner's sentence. (See Mem., DE # 48-1, at 7.) Petitioner is incorrect.

The PSR, in the Offense Conduct section, sets forth that at the time of his arrest for the federal offenses, petitioner was found in possession of 1.4 grams of cocaine base. (DE # 41, ¶ 12.) Counsel did not object to this fact. (See id. at 15; 5/2/18 Tr., DE # 57, at 24.) The court found petitioner responsible for that quantity of cocaine base as well as 103.28 grams of cocaine and used the marijuana equivalency of those quantities to determine petitioner's base offense level and in turn the sentencing guideline range. (5/2/18 Tr., DE # 57, at 25.) Although the offenses with which petitioner was charged, and to which he pled guilty, involved only cocaine, it was proper for the court to consider in determining the appropriate guideline range the amount of cocaine base found on petitioner at the time of his arrest. See U.S.S.G. § 1B1.3(a) (2016). As such, counsel was not deficient for not objecting to petitioner being held accountable for 1.4

grams of cocaine base, and this claim will be dismissed.

Petitioner next claims counsel was ineffective for failing to fully disclose the PSR to him. Petitioner further complains that he never met with a probation officer during the presentence investigation process, and since sentencing he has reviewed the PSR and discovered a number of errors therein. (Mem., DE # 48-1, at 8-9.) In considering these allegations, the court first notes that although the probation officer is obligated to conduct a presentence investigation, Fed. R. Crim. P. 32(c)(1)(A); U.S.S.G. § 6A1.1(a) (2016), there is no requirement that the defendant be a part of that process, cf. United States v. Edelen, 561 F. App'x 226, 237 (4th Cir. 2014) (recognizing that "routine presentence interviews . . . are not critical stages of the criminal proceeding" (citing United States v. Hicks, 948 F.2d 877, 885 (4th Cir. 1991)). More important, however, is the fact that at sentencing and after having been sworn, petitioner stated he had received the PSR and had an opportunity to read and review it. (5/3/18 Tr., DE # 57, at 3-4.) Petitioner is bound by this prior testimony and cannot rely on a contradictory, unsworn allegation to support § 2255 relief. This claim will be dismissed.

In his fourth claim, petitioner alleges counsel was ineffective for failing to challenge the waiver provision in petitioner's plea agreement. With that provision, petitioner agreed

> [t]o waive knowingly and expressly all rights . . . to appeal the conviction and whatever sentence is imposed on any ground . . . reserving only the right to appeal from a sentence in excess of the applicable advisory Guideline range . . . and further to waive all rights to contest the conviction or sentence in any post-conviction proceeding . . ., excepting an appeal or motion based upon the grounds of ineffective assistance of counsel or prosecutorial misconduct not known to the Defendant at the time of the Defendant's guilty plea.

(DE # 27, at 1-2.) According to petitioner, he could not "knowingly and intelligently waive the right to appeal or collaterally attack a sentence that had not yet been imposed." (Mem., DE #

4

48-1, at 10.) Petitioner is mistaken.

The Fourth Circuit Court of Appeals has approved of a waiver provision virtually identical to the one in petitioner's plea agreement. See United States v. Attar, 38 F.3d 727, 729, 731-32 (4th Cir. 1994). "Whether [] a waiver[-of-appeal-rights provision] is knowing and intelligent depends upon the particular facts and circumstances surrounding its making, including the background, experience, and conduct of the accused." Id. at 731 (citation, internal quotation marks, and alteration omitted); see also United States v. Lemaster, 403 F.3d 216, 220 (4th Cir. 2005) (holding a defendant may waive the collateral-attack rights in a plea agreement, provided the waiver is knowing and voluntary). That a court may find a waiver provision knowingly and intelligently made does not mean, as petitioner suggests, that "after an unexpected or undesired sentence imposition, the defendant has no way of contesting even an unjust or unfair sentence," (Resp., DE # 55, at 4). "[A] defendant who executes a general waiver of the right to appeal his sentence in a plea agreement does not thereby subject himself to being sentenced entirely at the whim of the district court but retains the right to obtain appellate review of his sentence on certain limited grounds," Attar, 38 F.3d at 732 (citation, internal quotation marks, and alteration omitted), such as a claim that the sentence excess the statutory maximum, United States v. McCoy, 898 F.3d 358, 363 (4th Cir. 2018); the conviction was obtained in violation of the Sixth Amendment right to counsel, id.; or the enforcement of the waiver would result in a miscarriage of justice, United States v. Adams, 814 F.3d 178, 182 (4th Cir. 2016). Given the law regarding the validity, and enforcement, of waiver provisions, petitioner's counsel had no reason to challenge such a provision contained in petitioner's plea agreement. Accordingly, counsel did not act deficiently in this regard, and the court will dismiss this claim.

Finally, petitioner claims that counsel should have objected to the court's imposition of consecutive terms of imprisonment, and had counsel done so, petitioner's total imprisonment would have been lower to meet the goals of 18 U.S.C. § 3553(a). As the court recognized at sentencing, and referring to one of § 3353(a)'s goals, the court "imposed consecutive sentences on three of the counts *to reflect the seriousness of the offense* particularly with regard to the defendant being in possession of a weapon, he being a convicted felon." (5/2/18 Tr., DE # 57, at 31.) See also 18 U.S.C. § 3584(b) ("The court, in determining whether the terms imposed are to be ordered to run concurrently or consecutively, shall consider, as to each offense . . . the factors set forth in section 3553(a)."). Counsel advocated for a lower sentence than that which the court imposed. (See Sentencing Mem., DE # 40, at 5.) Even if counsel had raised a specific objection to the court's imposition of consecutive sentences, the court would not have changed the structure of petitioner's sentences of imprisonment, and thus petitioner suffered no prejudice.

For the foregoing reasons, the government's motion to dismiss is ALLOWED. Claims two through five are DISMISSED. Claim one remains. Pursuant to 28 U.S.C. § 636(b) and Rule 8 of the Rules Governing Section 2255 Proceedings for the United States District Courts, this matter is REFERRED to U.S. Magistrate Judge Robert B. Jones, Jr. to hold an evidentiary hearing and file proposed findings of fact and recommendation for disposition. As petitioner has demonstrated he is financially unable to obtain adequate representation, (see CJA 23, DE # 6), the Federal Public Defender is DIRECTED to appoint counsel to represent petitioner for purposes of the evidentiary hearing, which shall be conducted as promptly as practicable, having regard for the need of counsel for both parties for adequate time for investigation and

preparation.    Attention of all parties is directed to Fed. R. Crim. P. 26.2.

This 11 January 2019.

　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　W. Earl Britt
　　　　　　　　　　　　　　　　　　　　Senior U.S. District Judge